**Hagelin Spencer LLC**
Buffalo · Rochester · Syracuse · Garden City · Jersey City

April 17, 2020

APPLICATION DENIED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.

<u>*VIA PACER ONLY*</u>

Vernon S. Broderick, United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

RE:          Rashawn Maurice Spencer (V) John Chung
Case No.:    120-cv-599(VSB)
Our File No.: D13179

Dear Judge Broderick:

    We represent the defendant John Chung (defendant) in the above-referenced matter. Depositions have been scheduled of the plaintiff and the defendant for April 23, 2020. However, the plaintiff has not abided by the case management and scheduling order dated February 4, 2020. The outstanding discovery consists of plaintiff's response to the defendant's demand for interrogatories, plaintiff's response to the defendant's demand for authorizations to obtain records for plaintiff's prior accidents and plaintiff's Rule 26 disclosure.

    On April 1, 2020, I sent a good faith letter to plaintiff's counsel requesting that plaintiff respond to the defendant's outstanding discovery demands. I did not receive a response. On April 15, 2020, my calendar clerk received an email from a representative from plaintiff counsel's office to confirm the depositions of the plaintiff and the defendant for April 23, 2020. I responded to the representative's email and detailed that discovery was outstanding but stated that if the discovery was received by April 17, 2020, that the depositions could still proceed. I further advised that if I did not receive the responses to the outstanding discovery by April 17, 2020, that I would have to notify this Court. I did not receive a response to my email.

Therefore, it is necessary for this Court to intervene as the defendant is unable to conduct a proper deposition of the plaintiff due to the outstanding discovery. For the foregoing reasons, it is respectfully requested that this Honorable court schedule a teleconference to resolve the outstanding discovery issues in this action or in the alternative, issue an order directing the plaintiff to respond to the defendant's outstanding discovery demands.

Respectfully submitted,

_____/s/_____
Louis T. Cornacchia III, Esq.

cc: *VIA ELECTRONIC MAIL & PACER*

The Lavelle Firm
100 Herricks Road
Mineola, New York 11501
Tel: 516-739-8111

Attention:

Emily Lavelle
dlavellelawfirm@yahoo.com

Sofia Oliveros
solavellefirm@gmail.com

**APPLICATION DENIED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 5/12/2020

Defendant has failed to comply with Rule 3 of my Individual Rules. Rule 3 provides that "counsel should describe their discovery disputes in a single letter, jointly composed" that demonstrates "[s]trict adherence to . . . the 'meet and confer' rule" of Fed. R. Civ. P. 37(a)(1). Further, "when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution."