```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
RASHAWN SPENCER,                         :
                                         :
                       Plaintiff,        :      20cv599 (DLC)
                                         :
           -v-                           :      MEMORANDUM OPINION
                                         :          AND ORDER
JOHN CHUNG,                              :
                                         :
                       Defendant.        :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In this personal injury action, plaintiff Rashawn Spencer has alleged that defendant John Chung injured him in a motor vehicle collision that occurred on May 10, 2018. He complained of injuries to his left knee, left shoulder, and spine after the accident. Surgery was performed on his left shoulder on February 28, 2019, and on his left knee on August 20, 2020.

Chung moved for summary judgment on March 31, 2021. He claims that Spencer has not set forth competent evidence of "serious injury," as required to proceed to trial on a claim under New York's no-fault insurance law, N.Y. Insurance Law § 5101 et seq. For the following reasons, the motion for summary judgment is denied.

The parties do not dispute that the New York no-fault insurance law applies to this action. That law provides, in pertinent part, that "in any action by or on behalf of a covered

person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in [New York], there shall be no right of recovery for non-economic loss, except in the case of a serious injury." N.Y. Ins. Law § 5104(a). "Serious injury," in turn, is defined as, inter alia,

> permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury.

N.Y. Ins. Law § 5102(d). Spencer claims that he has incurred serious injury under all three of these definitions.

Under this scheme, courts must at summary judgment "decide the threshold question of whether the evidence would warrant a jury finding that the injury qualifies as a 'serious injury.'" Yong Qin Luo v. Mikel, 625 F.3d 772, 777 (2d Cir. 2010). At summary judgment, "a defendant must establish a prima facie case that plaintiff did not sustain a 'serious injury' within the meaning of" the statute, through "evidence from its own physicians in the form of sworn affidavits." Id. "Once a defendant's burden is met, the plaintiff is then required to establish a prima facie case that he sustained a serious

2

injury." Id. The plaintiff's case must also "be presented in the form of sworn affidavits by physicians" and include "objective proof of injury" that can be presented through either an "expert's designation of a numeric percentage of a plaintiff's loss of range of motion" or "[a]n expert's qualitative assessment of a plaintiff's condition." Id. To defeat summary judgment, the plaintiff may rely on the affidavit of his treating physician, so long as that affidavit satisfies the above requirements. See, e.g., Dacosta v. Gibbs, 33 N.Y.S.3d 160, 161-62 (1st Dep't. 2016); Reyes v. Se Park, 8 N.Y.S.3d 22, 23 (1st Dep't. 2015).

Here, the plaintiff claims that he suffered serious and permanent orthopedic injuries in the form of limited range of motion in his spine, left knee, and shoulder. In support of his motion for summary judgment, the defendant provides the sworn affidavits of a radiologist and an orthopedic surgeon, who assert that the defendant's impairments were either transient, the result of a preexisting degenerative condition, or the result of a prior injury. These affidavits present a prima facie case that the plaintiff did not incur a serious injury.

The plaintiff, however, has presented the requisite prima facie case of serious injury as defined by the statute. He has provided a sworn affidavit of his treating orthopedic surgeon,

3

Dr. Kenneth McCulloch.[1]  Dr. McCulloch describes in detail a set of permanent partial impairments, resulting from the collision, to the plaintiff's left knee and left shoulder and ongoing treatment for those injuries.  These permanent impairments include diminished range of motion in Spencer's left knee and left shoulder, as assessed objectively, that persisted even after Spencer underwent surgery on those joints.

That affidavit states the basis for Dr. McCulloch's conclusion that the impairments resulted from the collision.  Dr. McCulloch assessed a limited range of motion in the injured joints on November 14, 2018 and noted that the plaintiff reported to him that he had no symptoms in those joints prior to the collision.  This submission is sufficient to create an issue of fact as to whether Spencer's symptoms were the result of a preexisting condition or the collision.  See Pommells v. Perez, 4 N.Y.3d 566, 577 (2005) (triable issues of fact raised where

---

[1] The plaintiff has also presented affidavits and medical records from other treating medical professionals.  The defendant contends that these materials do not create an issue of material fact because the medical professionals' affidavits are conclusory and the submissions are not sworn as required by the no-fault insurance law and the New York Civil Practice Law and Rules.  The Court need not assess the parties' disputes regarding the submissions by the plaintiff's other treating medical professionals because Dr. McCulloch has submitted a sworn affidavit that contains sufficient detail as to create a prima facie case of serious injury as defined by the statute.

4

the plaintiff's treating physician "identified measurements of loss of range of motion in plaintiff's [joints], and on that predicate opined that plaintiff suffered severe and permanent injuries as a result of the accident."); Linton v. Nawaz, 879 N.Y.S.2d 82, 90 (1st Dep't. 2009) (summary judgment improper where "[p]laintiff submitted the affirmation of a treating physician, based on a physical examination performed within days of the accident, opining that the injuries were caused by the accident."); Dacosta, 33 N.Y.S.3d at 162 (triable issues of fact were raised in a case under the no-fault insurance law where the plaintiff's treating physician found "objective indications of injury" and concluded that the plaintiff's injury was "causally related to the accident . . . in light of plaintiff's claim that she was asymptomatic before the accident and the absence of any medical records showing otherwise.").[2]  The physicians' differing conclusions present issues of fact that must be resolved by the jury at trial.

---

[2] Expert affidavits submitted by the defendant claim that the defendant's medical records indicate that the plaintiff incurred injury in prior motor vehicle collisions, including one that occurred only months before the May 10, 2018 collision that gave rise to this litigation.  The defendant has not supplied these records, however, and even the defendant's affidavits do not claim that the plaintiff was still experiencing symptoms as a result of these prior collisions at the time of the May 10, 2018 incident.  These assertions are therefore an insufficient basis to grant summary judgment.

## Conclusion

The defendant's March 31, 2021 motion for summary judgment is denied.

Dated:   New York, New York
         November 17, 2021

                                          _____
                                              DENISE COTE
                                          United States District Judge