UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

RASHAWN SPENCER,

Plaintiff,

-against-

JOHN CHUNG,

Defendant.

-----------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** _6/10/2022_

**ORDER**

**20-CV-599 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

After a four-day trial, a jury found in favor of the Defendant.  The Clerk of Court is

respectfully directed to upload to ECF the Court Exhibits from trial, each of which is attached to

this Order:

| | |
|---|---|
| **Court Exhibit 1:** | **Voir Dire Questionnaire** |
| **Court Exhibit 2:** | **Jury Charge** |
| **Court Exhibit 3:** | **Verdict Form** |

**SO ORDERED.**

Dated: June 10, 2022
        New York, New York

_Katharine H Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

RASHAWN SPENCER,

                                  Plaintiff,                              **20-CV-599 (KHP)**

                      -against-

JOHN CHUNG,

                                  Defendant.

-------------------------------------------------------------

**KATHARINE H. PARKER, United States Magistrate Judge**

<u>**JURY QUESTIONAIRRE**</u>

<u>**Initial Screening Questions – All Jurors**</u>

1. Do you have any difficulty understanding or speaking English that would interfere with your ability to participate as a juror in this proceeding?

2. Do you have any difficulty with your hearing that would interfere with your ability to participate as a juror in this proceeding?

3. Do you have any difficulty with your vision that would impair your ability to participate as a juror in this proceeding?

4. Are you on any medication or do you have any health condition that would impair your ability to participate as a juror in this proceeding?

5. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or a company?

6. The Plaintiff in this case is RASHAWN SPENCER.  Is anyone acquainted with the Plaintiff?

7. The Plaintiff is represented by Gregory Bellantone, who will now stand and face you. Is anyone acquainted with Mr. Bellantone?

8. Mr. Bellantone works for a law firm named Tannenbaum Bellantone& Silver, PC.  Is anyone familiar with that law firm?

9. The Defendant in this case is JOHN CHUNG. Is anyone acquainted with Defendant?

10. Defendant is represented by Michael Mernin, who will now stand and face you.  Is anyone acquainted with Mr. Mernin?

11. Mr. Mernin works for a law firm named Hagelin Spencer LLC.  Is anyone familiar with that law firm?

12. In addition to the parties and attorneys, the following individuals may be referred to or called as witnesses or may be mentioned in the context of this case.  Do any of you know, or have you had any dealings, either directly or indirectly, with, or have you heard of any of the following individuals, or members of their families or associates or friends of theirs:

   a. Dr. Kenneth McCulloch
   b. Dr. Orlanrewaju Adeosun
   c. Dr. Jerry Lubliner
   d. Dr. Stephen W. Lastig

**Group I Questions**

1. Do you have any personal knowledge of the allegations in this case as I have described them?

2. Do any of you have familiarity with the general site of the accident:  Mulberry Street and Bayard Street, in Manhattan?

3. Is there anything about this case that would cause you to be unable to render a fair and impartial verdict?

4. In the eyes of the law, all parties are to be treated the same way.  If selected as a juror, would you have any problem accepting and applying this principle of law?

5. Under the law, a plaintiff is entitled to seek money damages if he meets the burden of proving his case and is not entitled to seek money damages if he fails to meet the burden of proving her case.  Do you have any feelings about lawsuits seeking money damages that would affect your ability to be fair to both plaintiff and the defendant in this case?

6. Under the law, one category of damages for which a plaintiff may seek damages if he meets the burden of proving his case is pain and suffering, which includes things such as diminished enjoyment of life.  Do you have any feelings about damages for pain and suffering that would affect your ability to be fair to both plaintiff and the defendant in this case?

7. You may hear testimony in this case from expert witnesses. The law is that the testimony of an expert is not entitled to any greater or lesser weight than the testimony of any other witness just because of the fact that the witness is an expert.  Would you have any difficulty following that instruction?

8. Do you have any doubts about your ability to render a verdict in favor of the plaintiff or defendant, regardless of any sympathy you might have for any of the parties, if the law and evidence warrants such a result?

9. If you are selected to sit on this case, is there any reason you could not render a verdict solely on the evidence presented at the trial and in the context of the law as I give it to you and not based on any other ideas, notions or beliefs about the law you may have?

10. Can you keep an open mind and remain fair if one of the drivers were from out of state?

11. Can you keep an open mind and refrain from making a decision on liability and damages until you hear all of the evidence?

12. Do you know of any reason why you should not sit as a juror in this case?

13. Have you ever served as a juror in any court?

    a. When and in what court was that?

    b. Was it a civil or a criminal case?

    c. Did the jury reach a verdict in that case?

**Group II Questions**

1. Have you ever studied or practiced law or worked in any capacity for a law office?

2. Do you, or does anyone close to you, work or have experience in the legal field or court system?

3. Do you have any opinion or attitude about lawyers in general that will make it difficult for you to be fair and objective in this case?

4.  Have you, or has anyone close to you, ever brought a lawsuit against anyone?

    a.  What was the outcome?

5.  Have you, or has anyone close to you, ever been involved in a lawsuit?

    a.  What was the outcome?

6.  Have you, or has anyone close to you, ever appeared as a witness either at a trial or at another legal proceeding?

7.  Are you or is anyone close to you involved in a medical field? [Who? What is the role? For how long in the role?]

8.  Have you, or has anyone close to you, worked for the claims department of any liability or casualty insurance company?

9.  Have you, your family, or anyone close to you ever been injured in a car accident?

    a.  What were the injuries?

    b.  Did it involve surgery?

10. Are you a licensed driver?

11. Do you own or drive an automobile?

12. Do you have a high school degree?

13. Do you have a college degree? [What is your degree?]

14. Do you have a graduate degree? [What is your degree?]

15. Are you or have you ever been employed? [What is/was your occupation? How long have you been employed by your current employer? What type of work did you do before that? For whom?]

16. Are you married or have you ever been married? [What kind of work does your spouse or former spouse do?]

17. Do you live with someone other than a spouse who is age 18 or older? [Do they work? What kind of work do they do?]

18. What county or neighborhood do you live in?  [For how long have you lived there?]

19. What newspapers and magazines do you read on a regular basis?

20. What tv shows do you watch on a regular basis?

21. What websites do you visit on a regular basis?

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RASHAWN SPENCER,

                                    Plaintiff,                           **20-CV-599 (KHP)**

                         -against-

JOHN CHUNG,

                                    Defendant.
-----------------------------------------------------------------
**KATHARINE H. PARKER, United States Magistrate Judge**

## JURY CHARGE

### GENERAL INSTRUCTIONS

You are about to undertake your function as jurors to decide the fact issues in this case. In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

You will recall that at the start of the trial I suggested it was important that you not only listen carefully to each witness as he or she testified, but also that you observe each witness.

It has been evident to me, as I am sure it has been to the lawyers, that you have faithfully discharged your duty to listen carefully and observe each witness who testified.  I ask you now to give me that same careful attention as I instruct you on the law that is applicable to the case.

You have now heard all of the evidence in the case as well as the final arguments from the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you find them, just as it has been my duty to

1

preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not ask anyone else about the law.     You should not take advice about the law from anyone else but me.

Further, you should not take any single instruction as stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

However, as to all factual matters, you, the members of the jury, are the sole and exclusive judges; you pass upon the weight of the evidence; you determine the credibility of witnesses; you resolve such conflicts as there may be in the testimony; you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

**EVIDENCE**

Because you are charged with determining the facts based on the evidence, I want to remind you that the evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  That is it.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection or for impeachment.

The lawyers' questions are not evidence and you should not consider them while you deliberate.  It is the witnesses' answers that are evidence, not the question.

Also remember that you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Those answers are not evidence and may not be considered during your deliberations.  Furthermore, where a question was objected to and I sustained the objection, you must disregard any answer that was given to that question.  However, if there was an objection that I overruled, you can, and should, consider the answer given to that question as evidence.

At times, a lawyer on direct or cross-examination may have incorporated into a question a statement which assumed certain facts to be true.  Other times, a lawyer may have read from a document not in evidence and asked the witness if the statement read was true.  If the witness denied the truth of the statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Neither arguments nor objections by the lawyers are evidence, because the lawyers are not witnesses.

Further, what the lawyers have said to you in their opening statements and in their closing

3

statements is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from their statements, it is your recollection that controls.

Finally, any statements that I may have made during trial do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

At various times during the trial there were so-called "sidebar" conferences.  These conferences related to matters of law which do not concern you, and so these conferences or their purposes may not enter into your consideration.  Nor should you show any prejudice against an attorney or a party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

Because you are the sole judges of the facts, nothing I have said or done should be considered as an opinion as to the facts or what your verdict should be.  Any questions I asked were intended only for clarification or to expedite matters and were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  The rulings I have made during the trial are not any indication of my views of what your decision on the facts should be.  I have no opinion as to the verdict you should render.

During the trial, written questions by some members of the jury may have been asked of certain witnesses.  Testimony that answered a question submitted by a juror should be considered in the same manner as any other testimony in the case.  If you submitted a question that I did not ask, you should NOT draw any conclusion or inference from the fact that your question was not asked.  Similarly, you should not speculate about the possible answer to any

4

question that was not asked.

You are to perform the duty of finding the facts without bias or prejudice to any party.  All parties stand equal before a jury in the Courts of the United States.

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict – direct and circumstantial.

Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses -- something the witness has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other, related facts.  Let me give you a simple example of circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day.  Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then, a few minutes later, another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.     So, you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it

5

would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. Using your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is equally as valuable as direct evidence; it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence. The law simply requires that your verdict must be based on ALL the evidence presented, which includes direct and circumstantial evidence.

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. You may not guess or speculate in reaching your conclusion. An easy example of speculation is as follows: Suppose a witness testifies that the water glass was located exactly in the middle between two people at a table. The witness states that he heard glass breaking and looked up to see both people on either side of the glass brushing water from their clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass, because you would have to guess as to who did it. But if the witness also

testified that he heard the person to the right of the glass say, "I am sorry," this additional evidence would allow you to decide who knocked over the water glass because you could draw a reasonable inference that the person who said "I am sorry" was responsible.

Thus, an inference is a deduction or conclusion that you, the jury, are permitted to draw -- but are not required to draw -- from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.  You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**CREDIBILITY**

During the trial, you have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his/her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  When determining credibility, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

You watched the witnesses testify.  Everything the witnesses said or did on the witness stand counts in  your determination.  How did a  witness impress you?  Did a witness appear to be frank, forthright, and candid, or instead evasive and edgy, as if hiding something?  How did a witness appear; what was the witness' demeanor and/or behavior while testifying?  All of these considerations, and others, can be considered when determining a witness' credibility.

When deliberating, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness

has in the outcome of the case and whether that impacts the witness's credibility.  You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of the testimony and its consistency or lack of consistency with other credible testimony.  It is your role to balance these considerations during your deliberations.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness' demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience in making that determination.

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.  You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony.  On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.  People sometimes forget things and even a truthful witness may be nervous and contradict themself.  It is not unusual that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.  But a witness lying on purpose is always a matter of importance and should be considered seriously.

You may disregard all of that witness' testimony, or you may accept whatever part you think should be believed.  It is up to you to determine whether a witness testified falsely and whether he or she did so deliberately.  It is entirely up to you to determine the weight, if any, that

8

should be given to the testimony of such a witness based on all the evidence and your common sense.

**INTERESTED WITNESS**

Mr. Spencer and Mr. Chung are both interested witnesses.  An interested witness is not necessarily less believable than a disinterested witness.  The fact that they are interested in the outcome of the case does not mean that they have not told the truth.  It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by their interest.  You may, if you consider it proper under all of the circumstances, choose not to believe the testimony of an interested witness, even though it is not otherwise challenged or contradicted.  However, you are not required to reject the testimony of such a witness, and may accept all or such part of their testimony as you find reliable and reject such part as you find unworthy of acceptance.

**SINGLE WITNESS**

The testimony of a single witness is sufficient to prove any fact and would justify a verdict in accordance with such testimony.  This is true even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold a greater belief in the accuracy and reliability of the testimony of the one witness.

**EXPERT WITNESSES**

In this case you have heard testimony from multiple expert witnesses, such as Dr. Orlanrewaju Adeosun, Dr. Kenneth McCulloch, and Dr. Jerry Lubliner.  An expert is allowed to express his or her opinion on those matters about which he has special knowledge and training.

9

Expert testimony is presented to you on the theory that someone who is experienced in a particular field can assist you in understanding the evidence or in reaching an independent decision on the facts.

The opinions stated by each expert who testified were based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorneys who questioned the expert asked the expert to assume. You may reject an opinion if you find the facts to be different from those which formed the basis for the opinion. You also may reject the opinion, if, after careful consideration of all the evidence in the case, expert and other, including testimony of the expert on cross-examination, you decide that the opinion is not convincing. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence. An expert opinion is subject to the same rules concerning reliability as the testimony of any other witness.

In weighing the testimony of the expert witnesses, you may consider the experts' qualifications, their opinions, their reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept an expert's testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. Once again, the determination of the facts in this case rests solely with you.

Although, as jurors, you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate with any professional experts you might know in your personal life and you may not rely on outside facts not in evidence during your deliberations. You must base your discussions and decisions solely on the evidence

10

presented to you during the trial and that evidence alone.  You may not consider or speculate on

matters not in evidence or matters outside the case.

**IMPLICIT BIAS**

Everyone -- including me -- has feelings, assumptions, perceptions, fears, sympathies,

generalizations, prejudices and stereotypes that we may not be aware of.  These are called

"implicit biases."  These biases may concern race, gender, national origin, sexual orientation,

class, education, and many other issues.  These hidden thoughts can impact what we see and

hear, how we remember what we see and hear, and how we make important decisions.

Because you are making very important decisions in this case, I strongly encourage you to

evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or

dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes or biases.  The law

demands that you return a just verdict, based solely on the evidence, your individual evaluation of

that evidence, your reason and common sense, and these instructions.  Our system of justice is

counting on you to render a fair decision based on the evidence, not on biases.

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

As I told you at the beginning of the trial, in this case Mr. Spencer bears the burden of

proof as to his claim that Mr. Chung was negligent.  Similarly, the Defendant has the burden of

proof as to his claim that Mr. Spencer was negligent.  Before I explain what that means, I want to

emphasize that the standard of proof for both parties is a "preponderance of the evidence."

Accordingly, the party bearing the burden of proof in each instance has the burden of proving

EVERY DISPUTED ELEMENT of his claim by a preponderance of the evidence.

11

But what does preponderance of the evidence mean?  Well, to establish a fact by a preponderance of the evidence means to prove that the fact is <u>more likely true than not true</u>.  A preponderance of the evidence means the greater <u>weight</u> of the evidence.  It refers to the <u>quality</u> and <u>persuasiveness</u> of the evidence, not to the number of witnesses or documents.  In determining whether a party has proved its claim by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have offered them.  I would note here that the law does not require any party to call as witnesses all persons who may have some knowledge about the matters at issue in this trial or to introduce as exhibits all papers or things that are mentioned in the evidence in this case.  Again, what matters is the quality of the evidence.

If you find that the credible evidence is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue <u>against</u> the party with the burden of proof.  This is because the party with the burden of proof must prove more than simple equality of evidence -- the party must prove the issue by a preponderance of the evidence.  So long as you find that the scales tip, even just a little bit, in favor of the party with the burden of proof, then that party will have proven the fact/issue by a preponderance of evidence.

Therefore, any time I use the expression "if you find" in my instructions to you, I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial.  That requirement does NOT apply to a civil case such as this

and you should put it out of your mind for your deliberations in this case.

**PARTIES' ALLEGATIONS**

The plaintiff in this case is Rashawn Maurice Spencer. The defendant is John Chung.  Mr. Spencer claims that Mr. Chung, while operating his motor vehicle, caused an accident that injured Mr. Spencer.  Mr. Spencer asserts that the accident was caused entirely by the negligent conduct of Mr. Chung.  Mr. Chung, on the other hand, says that the accident was caused entirely by the negligent conduct of Mr. Spencer.

Mr. Spencer has the burden of proving that Mr. Chung was negligent AND that his negligence was a substantial factor in causing the accident.  Likewise, Mr. Chung has the burden of proving that Mr. Spencer was negligent AND that his negligence was a substantial factor in causing the accident.

Mr. Spencer also states that, as a result of the collision, he suffered serious injuries.  He has the burden of proving that his injuries were caused by the collision and the extent of his injuries.  Mr. Chung disputes the extent to which the collision caused Mr. Spencer's injuries and the extent of his injuries.

**INTRODUCTION TO DELIBERATIONS**

I will now list the necessary elements that the Plaintiff must prove in order to sustain his claim against the defendant.  And I will also lay out the elements that the defendant has to prove to establish that, even if he was negligent, the plaintiff's own negligence caused his injuries. Your duty will be to determine whether or not these elements have been proven by a preponderance of the evidence.

You will first be asked if plaintiff has shown that Mr. Chung was negligent and whether that negligence was a substantial factor in causing the accident.  If you find Mr. Chung was not

13

negligent, or that his negligence was not a substantial factor in causing the accident, your deliberations will end.  If, however, you find that he was negligent and that his negligence was a substantial factor in causing the accident, you will be asked the same questions about plaintiff's conduct.  If you find that both Mr. Chung and Mr. Spencer were negligent and that their negligence was a substantial factor in causing the accident, you will be asked to apportion the fault between them.  I will describe more about apportionment later.

Based on the instructions I just gave you, you may have already realized that finding a driver to be liable for the accident requires answering a two-part question.  First you must determine if that driver was "negligent."  If you so find, you then must determine whether the negligence was a "substantial factor" in causing the accident.

We shall discuss each concept -- negligence and causation -- separately.

**NEGLIGENCE DEFINED**

The first concept is negligence.  Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger.  A person is only responsible for the results of his or her conduct if the risk of injury is reasonably foreseeable.  The exact occurrence or exact injury does not have to be foreseeable; but injury as a result of negligent conduct must be not merely possible, but probable.

Negligence is a lack of ordinary care.  A person is negligent when he or she fails to exercise that degree of care that a reasonably prudent person would have exercised under the same circumstances.  Negligence may arise when (1) someone does something a reasonably prudent person would not have done under the same circumstances or (2) someone fails to do something that a reasonably prudent person would have done under the circumstances.

14

Drivers always have a duty to operate their automobile with reasonable care taking into account the actual and potential dangers existing from weather, road, traffic and other conditions.  Thus, each driver in this case was under a duty to maintain a reasonably safe rate of speed; to have his or her vehicle under reasonable control; to keep a proper lookout under the circumstances to see and be aware of what was in their view; and to use reasonable care to avoid an accident.  If you find that either of the drivers in this case did not observe that which was there to be seen, you may find that he was negligent in failing to look or in not looking carefully.

**CAUSATION**

As you recall, I told you there were two components to finding that any driver is liable or responsible for an injury.  First, as I have just explained to you, you must determine if that driver was negligent.  If that person was not negligent, that person is not liable for the injury.

But if you were to determine that one of the drivers did act negligently, then you must determine whether that driver's negligence caused the injury.  An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury -- that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.

There may be more than one cause of an injury.  Where the independent and negligent acts (or omissions) of two or more persons cause an injury, each of those negligent acts (or omissions) is regarded as a cause of that injury provided that it was a substantial factor in bringing about that injury.

**APPORTIONMENT OF LIABILTY**

If you find that Mr. Chung was not negligent or that his negligence was not a substantial factor in causing the injury, you must find that the defendant had no fault.  But, if you find that Mr. Chung was negligent AND that his negligence was a substantial factor in causing the injury, you must next consider whether Mr. Spencer also was negligent and whether his conduct also was a substantial factor in causing the injury.  Just as it was the plaintiff's burden to show that the defendant was negligent and contributed to causing the injury, the burden is on the defendant to prove that the plaintiff was negligent and that his negligence contributed to causing the injury.  If you find that the plaintiff was not negligent or that his negligence was not a substantial factor in causing the injury, you must find that plaintiff had no fault.

If, however, you find that the plaintiff was negligent and that his negligence contributed to causing the injury, you must then apportion the fault between the plaintiff and the defendant. Weighing all the facts and circumstances, you must consider the total fault and determine what percentage of fault is chargeable to plaintiff and what percentage of fault is chargeable to defendant.  The verdict form will allow you to state the percentages you find. The total of those percentages must, of course, equal one hundred percent (100%).

.

16

**DAMAGES**

In addition to determining liability in this case, you are also called upon to determine what damages, if any, Mr. Spencer incurred as a result of the accident.  Even though I am providing you with an explanation on the law of damages, this must not be taken as a suggestion that you should find for the plaintiff.  It is for you, the jury, to decide based on the evidence presented and the rules of law I have given you, whether the plaintiff proved by a preponderance of evidence that Mr. Chung's negligence was a substantial factor in causing the accident.  If you decide he has not done so, your deliberations end.  Only if you decide that the plaintiff has met his burden will you consider the measure of damages.

If you find that the plaintiff is entitled to recover from the defendant, you must render a verdict providing a sum of money which will justly and fairly compensate the plaintiff for all loss resulting from the injuries which he sustained as a result of the accident.  In arriving at the total, you must not consider the percentages of fault.  You should simply report the total amount of the plaintiff's damages.

The damages that you award must be fair and reasonable.  You should not award any damages for speculative injuries.  Damages should only cover those injuries that the plaintiff has actually suffered or which he is reasonably likely to suffer in the future.  It is a plaintiff's burden to prove the amount of damages and to prove that the damages were caused by the defendant's actions.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove

17

the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

In this case, Mr. Spencer seeks damages for his past and future pain and suffering.  To determine whether he is entitled to such damages you must first consider whether he has shown that he has sustained what the law calls a "serious injury."  Thus, consistent with the law, you will first be asked to answer certain questions about his injury before you answer any questions on compensation.

**SERIOUS INJURY**

The first question you will be called upon to answer is whether Mr. Spencer sustained "a permanent consequential limitation of use of a body organ or member" as a result of the accident on May 10, 2018.  A "limitation of use of a body organ or member" means that the body organ or member does not operate at all or operates only in some limited way.  It is not necessary for you to find that there has been a total loss of the use of the body organ or member; but, the limitation of use must be consequential, which means that it is significant, important, or of consequence.  A minor, mild or slight limitation of use is not significant, important, or of consequence.  If you find that Mr. Spencer sustained a permanent limitation of use of a body organ or member as a result of the accident on May 10, 2018, <u>and</u> that the limitation is consequential, as I have defined it, you must answer "yes" to the first question related to damages.  If you find that there is no permanent limitation as a result of the accident on May 10, 2018, or that any limitation is not consequential, you must answer "no" to the first question related to damages.

You will then be asked to answer the next question, which is whether Mr. Spencer sustained a "significant limitation of use of a body function or system" as a result of the accident on May 10, 2018.  A "limitation of use of a body function or system" means that the function or system does not operate at all or operates only in some limited way.  It is not necessary for you to find that there has been a total loss of the body function or system or that the limitation of use is permanent.  However, the limitation of use must be "significant," meaning that the loss is important or meaningful.  A minor, mild, or slight limitation of use is not significant.  If you find that Mr. Spencer sustained a limitation of use of a body function or system as a result of the accident on May 10, 2018 and that the limitation is significant, you must answer "yes" to the second question related to damages.  If you find that Mr. Spencer did not sustain a limitation of use of a body function or system as a result of the accident on May 10, 2018, or that any limitation is not significant, you must answer "no" to the second question related to damages.

You will then be asked to answer the next question, which is whether Mr. Spencer sustained a "medically determined injury or impairment of a non-permanent nature" as a result of the accident on May 10, 2018 that prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for 90 days or more during the 180 days immediately following the accident.  A "medically determined injury" is one that is supported by testimony by appropriate medical professionals such as doctors.  If you find that, as a result of the accident, there is a medically determined injury or impairment of a non-permanent nature that prevented Mr. Spencer from performing substantially all of the material acts that constituted his usual and customary daily activities for 90 days or more during the 180 days immediately following the accident, you must answer "yes" to the third damages question.  If you

19

find that, as a result of the accident on May 10, 2018, Mr. Spencer did not sustain a medically determined injury or impairment of a non-permanent nature that prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for 90 days or more during the 180 days immediately following the accident, you must answer "no" to the third damages question.

IF YOU ANSWER "YES" TO ANY OF THE THREE QUESTIONS ABOVE, THIS WOULD MEAN THAT YOU FOUND THAT MR. SPENCER SUSTAINED A "SERIOUS INJURY" UNDER THE LAW.  IF YOU SO FOUND, MR. SPENCER IS ENTITLED TO SEEK AN AWARD OF DAMAGES.

I want to once again remind you that these instructions related to damages must not be taken as a suggestion from the Court that damages are warranted.  If you find that Mr. Spencer did not sustain an injury of the types described above, you must not consider or award damages. Only if you find that the Mr. Spencer sustained injuries that fit within one of the three categories will you consider what damages should be awarded.

As I have already explained, the amount of damages, if any, must be limited to a sum of money that will justly and fairly compensate the plaintiff for all losses resulting from the injuries he sustained as a result of the accident.  As noted, for damages to be proper, you must also find that the accident was a substantial factor in bringing about the injuries.

**TYPES OF DAMAGES**

Mr. Spencer is seeking damages for what we call "pain and suffering".  He is seeking damages for both past and future pain and suffering.

If the defendant's negligence was a substantial factor in causing the accident, the plaintiff is entitled to recover a sum of money that will justly and fairly compensate him for any conscious

20

pain and suffering from that injury to date.  In determining the amount, if any, to be awarded to plaintiff for pain and suffering, you may take into consideration the effect that plaintiff's injuries have had on his ability to enjoy life.  Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities that were a part of the person's life before the injury, and to experience the pleasures of life.  If you find that plaintiff, as a result of his injuries, suffered some loss of the ability to enjoy life, and was aware of that loss, you may take that loss into consideration in determining the amount to be awarded to plaintiff for pain and suffering.

Thus, the verdict form will ask you whether you find that plaintiff has suffered damages in the categories of (1) past pain and suffering, and (2) future pain and suffering.  The form has a space for you to fill in the amount of compensation you award if you find that he is entitled to compensation for any of these two categories.  Thus, you should consider each category separately, knowing that, after you reach your verdict, we will add up any amounts you fill in to calculate the total amount of money awarded to the plaintiff, assuming you award any damages.

One other note, if you find that Mr. Spencer should be awarded money to compensate him for future pain and suffering, you should consider the period of time that the injuries or disabilities are expected to continue.  If you find that the injuries or disabilities are permanent, you should take into consideration the period of time that the plaintiff can be expected to live.

In your verdict, with respect to any forward-looking damages, you will state the amount awarded AND the period of years over which such award is intended to provide compensation. Do not state a yearly amount.  Only write the TOTAL amount of damages for the ENTIRE period. Additionally, when determining the amount of future damages to be awarded, if any, you should NOT concern yourself with reducing those damages to present value.

21

**TAXES**

Finally, you should be aware that if you award any damages to Mr. Spencer, he will not be required to pay income taxes on the award and you must not add to or subtract from the award any amount on account of income taxes.

**DELIBERATION**

You will now retire to decide the case.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after considering the case along with your fellow jurors, and you should not hesitate to change an opinion when they convince you that it is wrong.

While it is important that the views of all jurors be considered, a unanimous verdict of all seven of you is required under the law.  Whenever you all agree, you may report your verdict to the Court.  Nonetheless,  you  are  not  bound  to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accord with the truth.

The manner in which you will conduct your deliberations is wholly in your discretion.  You may follow any procedure you choose, provided that each juror is presented with ample opportunity to express his or her views.  You should not communicate any personal professional expertise you might have or other facts not in evidence during deliberations.  Rather, you must base your discussions and decisions solely on the evidence presented during trial and that

22

evidence alone.  You should not consider or speculate on matters not in evidence.  As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, LinkedIn, Instagram, TikTok, or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial.

By following these directions, when you do reach a verdict, you will know that it is a just one, made with the full participation of all jurors, and that you will have faithfully discharged your oath, which is to decide the case without fear, without favor, without prejudice and without sympathy, and solely in accordance with the evidence and the law.  In addition – and I say this not because I believe it is necessary but because it is my duty to so advise you – the jurors should be polite and respectful to each other so that in the course of your discussions in the jury room each juror may make his or her position clear.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her beliefs solely for the purpose of returning a final verdict.

As I told you at the beginning of the trial, you may refer to the notes you have taken during the trial.  Do not, however, use these notes as anything more than a way to help you recall the testimony that has been given.  Do not place too much emphasis on what you have written down; you must consider all of the evidence that has been presented as a whole.  At your request, any portion of the transcript will be read back to you.

The tradition in my Court is that Juror No. 1 serves as the foreperson of the jury.  The role of the foreperson is to communicate by note to me if the jury has any questions or requests, to

act as chairperson of your discussions if needed, to tally the vote and sign the verdict form, and to announce the verdict in open court.  Of course, the foreperson's vote is entitled to no greater weight than the vote of any other juror.

You will recess to the jury room for your deliberations.  The court guidelines require that you continue to wear your masks.  Immediately outside the jury room will be a United States Marshal.  The exhibits admitted into evidence will be in the jury room when you begin your deliberations.  A copy of the charge I have just given you is on each of your desks in the jury room.  There is only one verdict form, and it is on the foreperson's desk.  The foreperson will complete the verdict form and the foreperson will then provide it to the Court after you reach a verdict.

You will note from the wording of the questions on the verdict form that depending on your answers to certain questions, you need not answer another question or questions.  Do not assume from the questions or from the wording of the questions or from my instructions on them what the answers should be.

If during the course of deliberations, your recollection of any part of the testimony should fail, or you have any question about my instructions to you on the law, you have the right to return to the courtroom for purpose of having such testimony read to you or have such question answered.  If you wish to communicate with me, you may write a note, seal it in an envelope, knock on the door, and hand it to the Marshal.  I will respond to any note as best I can. I caution you, however, that a note from the jury may require discussions among the attorneys and the Court, and thus we will not be able to respond to you right away.

Also, in the course of your writing a note to me, you should NOT disclose how you may stand or what your vote may be on any issue.

Once again, all of you must agree on a decision before a verdict can be reached.  This means that for each question on the verdict sheet, you must agree on the answer before you can deem the question answered.  When you have reached a verdict and completed the jury verdict form, you each will sign and date the completed form.  The foreperson will seal it in an envelope, and advise the Marshal outside your door that you have reached a verdict.  I stress that all of you must be in agreement with each answer.  Once your answers are announced in open court and officially recorded, they ordinarily cannot be revoked.

25

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RASHAWN MAURICE SPENCER,

                              Plaintiff,

              v.

JOHN CHUNG,

                              Defendant.

---

                                                        20-cv-599 (KHP)

                                                        **VERDICT FORM**

**THIS VERDICT SHEET IS INTENDED TO ASSIST YOU IN ARRIVING AT YOUR VERDICT.  IT IS NOT INTENDED TO SUBSTITUTE OR RESTATE THE COURT'S CHARGE.  IT IS NOT MEANT TO SUPPORT THE INFERENCE THAT ANY OF THE NAMED INDIVIDUALS ARE RESPONSIBLE FOR THE HAPPENING OF THE ACCIDENT.   IF YOU HAVE ANY QUESTIONS CONCERNING THE CHARGE, PLEASE REQUEST FURTHER INSTRUCTIONS.**

You, the jurors, must answer each of the questions below either "YES" or "NO".  In order to answer any question, all seven jurors must agree.  After answering each question, the foreperson shall write the answer reached by the jury by placing a check in the space provided under "YES" or "NO".  All jurors must answer each question until instructed to proceed no further and report to the court.  Each juror shall sign their name in the space provided at the end of the verdict form confirming their agreement with the verdict.

We, the undersigned jurors, duly drawn, empaneled and sworn to try the above-entitled action, say that we answer the written interrogatories submitted by the Court as follows:

**Question No. 1:**

Was the Defendant, JOHN CHUNG, negligent in the operation of his motor vehicle?

YES_____            NO___✓_____

If the Answer to Question No. 1 is "YES", proceed to Question No. 2.  If the Answer to Question No. 1 is "NO", proceed no further and report your verdict to the Court.

**Question No. 2**

Was the Defendant, JOHN CHUNG'S negligence a substantial factor in causing the motor vehicle accident?

YES_____            NO_____

Proceed to Question No. 3.

**Question No. 3**

Was the Plaintiff, RASHAWN MAURICE SPENCER, negligent in the operation of his motor vehicle?

YES_____            NO_____

If your answer to Question No. 3 is "YES", please proceed to Question No. 4.  If your answer to Question No. 3 is "NO", proceed to Question No 6.

**Question No. 4**

Was the Plaintiff, RASHAWN MAURICE SPENCER'S negligence a substantial factor in causing the motor vehicle accident?

YES_____            NO_____

2

If your Answer to Question No. 4 is "YES" proceed to Question No. 5.  If not, proceed to Question No. 6.

**YOU MAY ASSIGN A PERCENTAGE ONLY IF YOU ANSWERED "YES" TO BOTH QUESTIONS REGARDING THE DEFENDANT DRIVER AND PLAINTIFF DRIVER.**

**Question No. 5**

What was the percentage of fault between:

Plaintiff, RASHAWN MAURICE SPENCER                    _____%

Defendant JOHN CHUNG                                  _____%

The total must equal 100%

Proceed to Question 6.

**Question No. 6**

In accordance with my charge, as a result of the motor vehicle accident of May 10, 2018, did Plaintiff, RASHAWN MAURICE SPENCER, sustain a permanent consequential limitation of the use of body organ or member as a result of the accident.

YES_____              NO_____

Proceed to Question 7.

**Question No. 7**

In accordance with my charge, as a result of the motor vehicle accident of May 10, 2018, did Plaintiff, RASHAWN MAURICE SPENCER, sustain a significant limitation of a body function or system as a result of the accident?

YES_____              NO_____

Proceed to Question No. 8

3

**Question No. 8**

In accordance with my charge, as a result of the motor vehicle accident of May 10, 2018, did Plaintiff, RASHAWN MAURICE SPENCER, sustain a medically determined injury that prevented him from the performance of his usual and customary daily activities for 90 of the first 180 days immediately following the injury?

YES_____          NO_____

If your answer to Questions #6 and #7 and #8 are "NO", proceed no further and report to the Court.

If your answer to **EITHER** Question #6 or #7 or #8 is "YES", please proceed to Question #9.

**Question No. 9**

State the amount of damages awarded, if any, for Plaintiff, RASHAWN MAURICE SPENCER's pain and suffering from the date of the accident to the date of your verdict:

   (Note: If you have decided not to make an award, insert "NONE".)

   Amount: $_____

Proceed to Question No. 10

**Question No. 10**

State the amount of damages awarded, if any, for Plaintiff, RASHAWN MAURICE SPENCER's pain and suffering from the date of your verdict until such time into the future that Plaintiff will no longer experience pain and suffering.

   (Note: If you have decided not to make an award, insert "NONE".)

   Amount: $_____

Proceed to Question No. 11.

4

**Question No. 11**

If you have made an award for amounts intended to compensate Plaintiff RASHAWN
MAURICE SPENCER for damages to be incurred in the <u>future</u>, state the period of years over which
such amount is intended to provide compensation.

No. of Years:_____

**You are finished.  Please sign your names in the spaces provided below, fill in the date, and
inform the marshal that you have reached a verdict.**

Dated: _6/10/2022_____

New York, New York